[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11425
_____

D.C. Docket No. 2:10-cv-00032-RWS


ABIGAIL MARILYN AYERS,
as Surviving Spouse and Administratrix
of the Estate of Jonathan Paul Ayers,

Plaintiff-Appellee,

versus

OFFICER BILLY SHANE HARRISON,
Individually and In His Official Capacity,
SHERIFF RANDY SHIRLEY,
Individually and In His Official Capacity,
SHERIFF JOEY TERRELL,
Individually and In His Official Capacity,

Defendants-Appellants,

OFFICER KYLE BRYANT, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 4, 2013)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Sheriff Randy Shirley, Sheriff Joey Terrell, and former police officer Billy Shane Harrison (collectively "Defendants") appeal the district court's denial of their motion for summary judgment in this 42 U.S.C. § 1983 lawsuit alleging negligent training and excessive use of deadly force, as well as assault and battery and false arrest under state law. Plaintiff Abigail Ayers ("Plaintiff"), representing the estate of Jonathan Ayers ("Ayers"), alleged in her complaint that Defendant Officer Harrison wrongfully shot and killed Ayers in violation of Ayers's constitutional rights and state law. Plaintiff also alleged, in relevant part, that Officer Harrison's dual employers, Defendants Sheriffs Shirley and Terrell, failed to properly train Officer Harrison on the use of force.

After oral argument, review of the record, and consideration of the parties' briefs, we find no reversible error in the district court's denial of summary judgment to Defendant Officer Harrison on Plaintiff's § 1983 claim of excessive force and state claims of assault and battery and false arrest. Viewed in the light

2

most favorable to Plaintiff, the record reveals the following facts. Although Officer Harrison concededly did not have probable cause to arrest Ayers at the time, Officer Harrison, while in plain clothes as an undercover officer, approached Ayers's car at a gas station to investigate possible drug activity. Only Ayers, as the driver, was in the car. Taking together Ayers's dying declaration and eyewitness testimony, Officer Harrison did not identify himself to Ayers as a police officer, but drew his gun, either waved the gun at Ayers or tapped the gun on the car window, and told Ayers to get out of the car.[1] Thinking that he was being robbed, Ayers attempted to drive out of the gas station, but Officer Harrison fired two shots at Ayers's car. The second bullet pierced the windshield and struck Ayers in the abdomen, and he died shortly thereafter from the gunshot wound.

At the time Officer Harrison fired the fatal shot, under the facts most favorable to Plaintiff, neither Officer Harrison nor anyone else present at the scene faced an immediate threat of harm from Ayers, and there was no indication that Ayers posed a danger to others if allowed to drive away. And Defendants concede that there was no probable cause to believe Ayers had committed a crime when Officer Harrison first approached Ayers's car with his gun drawn. Given these circumstances, we cannot say that Officer Harrison's use of deadly force was

---

[1]We recognize that Officer Harrison asserts that he did identify himself to Ayers as a law enforcement officer. However, in reviewing an order granting or denying a motion for summary judgment, we must view the facts "in the light most favorable to the party opposing the motion," in this case, the Plaintiff. Vinyard v. Wilson, 311 F.3d 1340, 1346 n.7 (11th Cir. 2002).

3

objectively reasonable, or that he was entitled to qualified immunity under federal law or official immunity under state law.  See Tennessee v. Garner, 471 U.S. 1, 11-12, 105 S. Ct. 1694, 1701 (1985); Long v. Slaton, 508 F.3d 576, 580, 584 (11th Cir. 2007); Porter v. Massarelli, 692 S.E.2d 722, 726 (Ga. Ct. App. 2010).

As to Plaintiff's claim of negligent training, the district court erred in denying summary judgment to Defendants Shirley and Terrell.  Even assuming that the sheriffs failed to ensure Officer Harrison had completed the Georgia Peace Officer Standards and Training Council ("POST") training requirement, the record does not reveal that the sheriffs' failure amounted to "deliberate indifference" to the constitutional rights of the persons with whom Officer Harrison came into contact.  See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003); Belcher v. City of Foley, Ala., 30 F.3d 1390, 1397 (11th Cir. 1994).

Although a failure to train may amount to deliberate indifference when "the need for more or different training is obvious," Belcher, 30 F.3d at 1397-98, there was no such obvious need for additional training in this case.  First, the record shows that Officer Harrison had received significant training on the use of deadly force before being hired by Sheriff Shirley.  Second, Sheriff Shirley had no reason to believe that Officer Harrison lacked the necessary training when he hired him; Officer Harrison was recommended to Shirley by Officer Kyle Bryant, who had told Shirley that he (Bryant) had previously worked with Officer Harrison and that

4

Officer Harrison was well trained and well qualified. Finally, nothing in the record indicates a "history of abuse" in the use of force among officers in Shirley or Terrell's respective sheriffs' departments, or a history of relevant misconduct on Officer Harrison's part, that would have notified the sheriffs of the need to provide additional use-of-force training to Officer Harrison. See id.

Accordingly, we AFFIRM the district court's denial of summary judgment to Defendant Officer Harrison on Plaintiff's excessive force claim and her state claims of assault and battery and false arrest; REVERSE the denial of summary judgment to Defendants Shirley and Terrell on the failure to train claim; and REMAND for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**